# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| SANDRA HOWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:14-cv-00553-TWP-TAB |
| | ) |
| CLARK COUNTY COLLECTION | ) |
| SERVICE, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(2) by Defendant Clark County Collection Service, LLC ("CCCS") (Filing No. 17). After Plaintiff Sandra Howell ("Ms. Howell") failed to pay a medical bill, CCCS assumed the responsibility of collecting payment for the medical services. CCCS reported the debt to a credit reporting agency but failed to report that the debt was disputed. Based on this failure, Ms. Howell filed a Complaint against CCCS, alleging violations of the Fair Debt Collection Practices Act. CCCS has moved to dismiss the Complaint based on a lack of personal jurisdiction. For the following reasons, the Court **GRANTS** the Motion to Dismiss.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint where there is a "lack of personal jurisdiction" over the defendant. Fed. R. Civ. P. 12(b)(2). When deciding a 12(b)(2) motion, the Court accepts the factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff if they weigh on the issue of personal jurisdiction. *Int'l Medical Group, Inc. v. American Arbitration Ass'n*, 149 F. Supp. 2d 615, 623 (S.D. Ind.

2001). But where a complaint consists of conclusory allegations unsupported by factual assertions, the complaint fails even under the liberal standard of Rule 12(b). *Id.*

When considering a motion to dismiss for lack of personal jurisdiction, the Court examines the sufficiency of the complaint, not the merits of the lawsuit. *Id.* The complaint does not need to include factual allegations concerning personal jurisdiction, but if the defendant moves to dismiss the action under Rule 12(b)(2), the plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The Court may consider affidavits and all other documentary evidence which have been filed, and any conflicts must be resolved in favor of the plaintiff as the non-moving party. *Int'l Medical Group*, 149 F. Supp. 2d at 623.

The level of the plaintiff's burden to show personal jurisdiction depends on whether an evidentiary hearing has been held. *Purdue Research*, 338 F.3d at 782. Where a hearing has been conducted, the plaintiff must show by a preponderance of the evidence that personal jurisdiction exists. *Id.* Where no hearing is conducted and the motion to dismiss is decided solely on written materials, the plaintiff must establish a *prima facie* case that personal jurisdiction exists. *Id.*

"If jurisdiction is exercised on the basis of a federal statute that does not authorize nationwide service of process, the law requires a federal district court to determine if a court of the state in which it sits would have personal jurisdiction."[1] *Annie Oakley Enters. v. Sunset Tan Corporate & Consulting, LLC*, 703 F. Supp. 2d 881, 886 (N.D. Ind. 2010) (citing *United States v. Martinez De Ortiz*, 910 F.2d 376, 381 (7th Cir. 1990)). Indiana Trial Rule 4.4(A), Indiana's long-arm statute, governs personal jurisdiction in Indiana. "Although Rule 4.4(A) enumerates eight

---

[1] The federal statute serving as the basis for this litigation, the Fair Debt Collection Practices Act, does not authorize nationwide service of process or govern personal jurisdiction. *See Maloon v. Schwartz*, 399 F. Supp. 2d 1108, 1111 (D. Haw. 2005). Therefore, determining personal jurisdiction in this case is governed by Indiana law.

bases for the assertion of jurisdiction on the basis of a defendant's actions, the rule also includes a provision that 'a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States.'" *Id.* (internal citation omitted). Thus, a court has personal jurisdiction to the limit allowed by the Federal Due Process Clause of the Fourteenth Amendment. *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 966–67 (Ind. 2006).

For a court to have personal jurisdiction over a defendant, the Due Process Clause requires that the defendant have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Under federal due process standards, personal jurisdiction can be either specific or general. *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1244 (7th Cir. 1990). "If the defendant's contacts with the state are so 'continuous and systematic' that the defendant should reasonably anticipate being haled into the courts of that state for any matter, then the defendant is subject to general jurisdiction." *LinkAmerica*, 857 N.E.2d at 967. "If the defendant's contacts with the forum state are not 'continuous and systematic,' specific jurisdiction may be asserted if the controversy is related to or arises out of the defendant's contacts with the forum state." *Id.* "Specific jurisdiction requires that the defendant purposefully availed itself of the privilege of conducting activities within the forum state so that the defendant reasonably anticipates being haled into court there." *Id.*

In other words, specific jurisdiction exists when a defendant has deliberately directed its activities toward the forum's residents, and the cause of action results from alleged injuries that arise out of or relate to those activities. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472

3

(1985). In *Burger King*, the Supreme Court explained the "constitutional touchstone" of "minimum contacts" for personal jurisdiction:

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. . . . [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.
> This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, or of the unilateral activity of another party or a third person. Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a "substantial connection" with the forum State. Thus where the defendant deliberately has engaged in significant activities within a State, or has created continuing obligations between himself and residents of the forum he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by the benefits and protections of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.

*Burger King*, 471 U.S. at 474–76 (internal citations, quotation marks, and footnote omitted).

## II. BACKGROUND

While living in Nevada in 2008, Ms. Howell, then Sandra Pearson, received medical services from Western Regional Center in Nevada. After receiving the medical services, Ms. Howell neglected to pay her bill for the services, and the debt went into default. On April 23, 2009, the $753.00 debt was placed for collection with CCCS. The debt was reported by CCCS to TransUnion, a credit reporting agency (Filing No. 1-4) and Experian, another credit reporting agency, beginning in June 2009 (Filing No. 21-2).

CCCS's account file for the debt shows that Ms. Howell incurred the medical debt while she was a Nevada resident and while still known as Sandra Pearson (Filing No. 19 at 3, ¶ 20). CCCS's file reveals that Sandra Pearson, while still a Nevada resident, contacted CCCS several times and promised to come to CCCS's office to sign a payment plan agreement for the debt. *Id.* In March 2010, Sandra Pearson went to CCCS's office, but she refused to sign a payment plan

agreement or make a payment. *Id.* Since March 2010, CCCS has made no attempt to contact Ms. Howell (Filing No. 19 at 3, ¶ 21). However, CCCS has continued to report the medical debt to the credit reporting agencies.

Soon after her visit to CCCS's office, Ms. Howell moved to Indiana in May 2010 and changed her name from Sandra Pearson to Sandra Howell. On February 12, 2014, almost four years after Ms. Howell moved to Indiana, Ms. Howell's attorney sent a letter via facsimile to CCCS to inform it that Sandra Howell disputed the medical debt and to request that all future communications be directed to the attorney. Ms. Howell's credit report with TransUnion was updated on March 1, 2014, and it noted a balance and past due amount of $956.00 on the debt in question. (Filing No. 1-4). The report also noted that the debt was "placed for collection" and listed the "pay status" as "in collection." *Id.* However, Ms. Howell's credit report did not indicate that the debt is "disputed."

After learning that CCCS failed to report to TransUnion that the debt is "disputed," Ms. Howell filed suit in this Court on April 11, 2014, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") (Filing No. 1). Ms. Howell specifically alleges that CCCS violated Sections 1692d–f of the FDCPA "by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer." (Filing No. 1 at 4, ¶¶ 2–4). In her Complaint, Ms. Howell requests actual and statutory damages and attorney fees and costs pursuant to 15 U.S.C. § 1692k(a).

Until being served with the Summons and Complaint in this action, CCCS was unaware that Sandra Pearson had moved to Indiana and changed her name to Sandra Howell.

## III.   DISCUSSION

CCCS, a Nevada limited liability company, is a debt collection agency located in Las Vegas, Nevada (Filing No. 19 at 1). It is a collection agency licensed by the State of Nevada. *Id.* CCCS is not a licensed debt collector in the State of Indiana, and it performs no debt collection services within Indiana. *Id.* CCCS also is not registered as a foreign entity within the State of Indiana, and thus, it is not authorized to conduct business of any kind within Indiana. *Id.* It does not transact business and does not conduct business operations in Indiana. *Id.* Moreover, CCCS has no employees or offices in Indiana (Filing No. 19 at 2) and it does not own any real property in Indiana. *Id.*

CCCS's interactions with Ms. Howell occurred in Nevada while she was a resident of Nevada (Filing No. 19 at 3). Her debt was incurred, and she refused to pay the debt, in Nevada. *Id.* CCCS has not contacted Ms. Howell while she has been living in Indiana. *Id.* During the time that CCCS has been reporting the disputed medical debt to the credit reporting agencies, CCCS was unaware that Ms. Howell lived in Indiana. *Id.* CCCS affirmatively has asserted that it does not consent to personal jurisdiction in the State of Indiana (Filing No. 19 at 2). Based on these facts, CCCS argues that this action should be dismissed because this Court lacks personal jurisdiction, both general and specific, over CCCS.

Ms. Howell asserts that CCCS has reported the medical debt to the credit reporting agencies since 2009. Because Ms. Howell has lived in Indiana for the last five years, she argues that the disputed debt is owed by an Indiana resident, and the reporting of the debt creates sufficient "minimum contacts" with the State of Indiana to provide this Court with personal jurisdiction over CCCS. Importantly, however, Ms. Howell does not dispute that CCCS was not aware that Sandra Howell, then Sandra Pearson, moved to Indiana shortly after she went to CCCS's office and

refused to pay the debt in March 2010. She also does not dispute that CCCS reported the medical debt to the credit reporting agencies without knowledge that Ms. Howell was an Indiana resident.

CCCS's only "contact" with the State of Indiana is the result of one of its debtors, Ms. Howell, moving to Indiana after incurring and failing to pay a debt. The debt at issue was not incurred in Indiana. The debt has never been reported from Indiana to the credit reporting agencies. Rather, the debt has been reported from Nevada. The debt was first reported to the credit reporting agencies while Ms. Howell still lived in Nevada. When CCCS reported the debt it was unaware that Ms. Howell had moved to Indiana.

Because CCCS does not conduct business in Indiana, is not licensed to operate in Indiana, has no employees or offices in Indiana, does not own property in Indiana, has not contacted Ms. Howell since she moved to Indiana, and was not even aware that it was reporting a debt owed by a now-Indiana resident, CCCS cannot be said to have purposefully availed itself of the privilege of conducting activities within Indiana to be able to invoke the benefits and protections of its laws. Specific jurisdiction does not exist because CCCS has not deliberately directed its activities toward Indiana's residents, resulting in the injuries alleged in this matter. CCCS has no "continuous and systematic" contact with Indiana, and therefore, general jurisdiction does not exist either. Accordingly, this Court lacks personal jurisdiction over CCCS.

## IV.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendant's Motion to Dismiss ([Filing No. 17](Filing No. 17)). Final judgment will issue under separate order.

**SO ORDERED.**

Date: 3/16/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Dean R. Brackenridge
FROST BROWN TODD LLC
dbrackenridge@fbtlaw.com

Michael Anthony Eades
JOHN STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com